IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAYTON THOMAS                   :     CIVIL ACTION
: 
    v.                                     :
:
BEN VARNER, et al.              :     NO. 02-4778

**O R D E R**

AND NOW, this     day of         , 2003, respondents' time for filing objections to the Report and Recommendation of Magistrate Charles B. Smith, granting an evidentiary hearing is extended to July 13, 2003.

BY THE COURT

_____
BRUCE W. KAUFFMAN
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CLAYTON THOMAS | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| BEN VARNER, et al. | : | NO. 02-4778 |

**MOTION FOR ENLARGEMENT OF TIME**

      LYNNE ABRAHAM, District Attorney of Philadelphia County, by HELEN KANE, Assistant District Attorney, and THOMAS W. DOLGENOS, Chi[ef] Federal Litigation, respectfully requests a 20-day enlargement of time in [which to file] objections to the Report and Recommendation of Magistrate Charles B. Smith [granting] an evidentiary hearing in the above habeas corpus case and, in support ther[eof, states]:

      1.    On May 31, 1994, a jury convicted petitioner of second degree mur[der and] related crimes for robbing and killing Harry James, the proprietor of a s[tore, and for] the non-fatal shooting of Peter Fuller, a patron.  Petitioner, who is [serving a life] sentence seeks habeas corpus relief alleging, <u>inter</u> <u>alia</u>, that his forme[r counsel was] ineffective for not challenging the identification of shooting victim Peter [Fuller].

      2.    On June 11, 2003, Magistrate Smith issued a Report a[nd] Recommendation which rejected certain of petitioner's claims but granted an [evidentiary] hearing on petitioner's claim of ineffective for failing to file a motio[n to suppress the] identification of Mr. Fuller. Specifically, the Court concluded that this [claim "raises a] specter of doubt," and therefore granted an evidentiary hearing to res[olve it].

underlying factual issues."  Report and Recommendation, at 38.

    2.   Notwithstanding that the state court rejected petitioner's ineffective assistance, finding that trial counsel's strategy of elicitin that Mr. Fuller failed to identify petitioner at the preliminary heari circumstances of Mr. Fuller's photographic identification was objectively order to undermine the reliability of Mr. Fuller's in-court identification man who shot him at close range, the Magistrate Judge has determined that is somewhat questionable because the state court did not hear testimony eyewitness and the detective who conducted the photographic array concer circumstances of Mr. Fuller's out of court identification petitioner.

    3.   The Commonwealth believes that the Magistrate Judge's grant evidentiary hearing is erroneous primarily because it ignores that Washington, 466 U.S. 668 (1984), dictates that courts reviewing a claim o assistance of counsel must employ a strong presumption that trial counse falls within the wide range of reasonable professional assistance.  Id. 466

    4.   The Magistrate Judge's grant of an evidentiary hearing to ex possible alternative strategy further ignores the provisions of the Anti Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, et seq., which g instant habeas petition.  Indeed, under § 2254(d) it is not enough to conv court that, in its independent judgment, the state court decision appl incorrectly.  Bell v. Cone, 122 S.Ct. 1843, 1852.  The federal habeas sc primary responsibility with the state courts for these judgments, and auth court intervention only when a state court decision is unreasonable.

Visciotti, 123 S.Ct. 357, 361 (2002). Rather than focus on the reasonable[ness of the] state court's ruling in this regard, the Magistrate Judge's grant of an ev[identiary hearing] improperly proposes to explore the viability of the alternative strategy [that petitioner,] with the benefit of hindsight, has proposed.

5.  The Commonwealth intends to set forth in a more comprehensive ma[nner] the nature of its objections to the grant of the evidentiary hearing but re[quires additional] time to do so because the assigned attorney has only recently returned to [work on a] part-time basis following an extended medical absence for knee replacement [surgery].

**WHEREFORE**, respondents request an additional 20 days - to July 13, 20[03 - in] which to file their objections to the Report and Recommendation of Magist[rate Judge] Charles Smith granting an evidentiary hearing in the above habeas matter.

                                Respectfully submitted,

                                HELEN KANE
                                Assistant District Attorney
                                THOMAS W. DOLGENOS
                                Chief, Federal Litigation

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CLAYTON THOMAS | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| BEN VARNER, et al. | : | NO. 02-4778 |

**CERTIFICATE OF SERVICE**

    I, HELEN KANE, hereby certify that on June 23, 2003, a copy of foregoing pleading was served by placing same, first class postage prep United States Mail addressed to:

    Daniel Silverman, Esquire
    1429 Walnut Street
    Suite 1001
    Philadelphia PA 19102

    HELEN KANE
    PA ID No. 26096
    Assistant District Attorney
    District Attorney's Office
    1421 Arch Street
    Philadelphia PA 19102
    215-686-5742