September 10, 2003

Honorable Charles B. Smith
United States Magistrate Judge
U.S. Courthouse
601 Market Street
Room 3006
Philadelphia PA 19106

    Re: Clayton Thomas v. Varner, et al.
       Civil Action No. 02-4778

**LETTER SUPPLEMENT TO RESPONDENTS' MEMORANDUM OF LAW**

Dear Judge Smith:

    Enclosed please find copies of Exhibits A through C which were inadvertently omitted from the Memorandum of Law that I submitted to the Court during the September 9, 2003 argument.

    In addition, I would also like to point out that in his closing argument, Mr. Mirarchi characterized Mr. Fuller's identification of petitioner as the shooter at trial as the "only surprise" that occurred during trial. Mr. Mirarchi further commented that Mr. Fuller never told this to the prosecutor or to Detective Piree prior to testifying at trial (N.T. 5/26/94, 60-61). In his closing argument, the assistant district attorney, Richard Carroll also referred to Mr. Fuller's in-court identification of petitioner as the man who killed the victim, observing that "[o]ne of the lawyers said that the only surprise was that Peter Fuller identified Clayton Thomas as the shooter? Do you what? Mr. Carroll was surprised too" (N.T. 5/26/94, 82-83). Accordingly, the concern expressed by the Court at the hearing that the only reason that the Commonwealth called Peter Fuller to testify

at trial was in anticipation of his identification of petitioner as the shooter is not supported by the record. Moreover, regardless of Mr. Fuller's ability to identify either of the robbers, his testimony concerning the circumstances under which petitioner shot him was probative and relevant to the elements of the crime of aggravated assault which charge was independent of the murder charge for killing Harry James. In any event, because the comments of Mr. Mirarchi and Mr. Carroll establish that the prosecutor was not aware that Mr. Fuller would identify either defendant at trial, petitioner's suggestion that trial counsel was remiss for not having inquired of the prosecutor just before trial if Mr. Fuller would be able to identify petitioner at trial is baseless.

My review of the record concerning requested points for charge does not reveal any discussion between the court and counsel which would have any bearing on trial counsel's strategy.

In his closing statement, Mr. Mirarchi again re-iterated the defense theory that the Commonwealth's case against petitioner was based on lies and coerced testimony. Thus, Mr. Mirarchi sought to convince the jury to reject all of Christopher Young's statements and testimony implicating petitioner -- with particular emphasis on his in-court identification -- as unreliable, in large part, because, as Mr. Fuller had told the jury at trial, the same detective who initially had gotten Young to implicate petitioner, had also attempted to influence Mr. Fuller by pointing out two photographs to the witness and asking if they were the robbers. Referring to the discrepancy between the testimony of Mr. Fuller and Detective Piree with respect to the photographic display, Mr. Mirarchi argued that both of them could not be telling the truth. Trial counsel further argued that if the detective was lying about the photo display, then it was likely that he was also lying about his interviews with Christopher Young (N.T. 5/26/94, 74). Thus, as the record shows, from start to finish, Mr. Fuller's claim that Detective Piree had attempted to influence his photographic identification was an integral part of the defense strategy. On this record, it is clear that trial counsel's strategy was objectively reasonable.

                Respectfully submitted,

                Helen Kane
                Assistant District Attorney

hk
enclosures

cc:   Honorable Charles B. Smith
      Daniel Silverman, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAYTON THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BEN VARNER, ET AL., | : | NO. 02-4778 |

## CERTIFICATE OF SERVICE

    I, HELEN KANE, hereby certify that on September 10, 2003, a copy of LETTER SUPPLEMENT TO RESPONDENTS' MEMORANDUM OF LAW was served by placing same, first class postage prepaid, in the United States Mail, addressed to:

        Daniel Silverman, Esquire
        1429 Chestnut Street
        Suite 1001
        Philadelphia PA 19102


        -------------------
        HELEN KANE
        Assistant District Attorney
        1421 Arch Street
        Philadelphia PA 19102

        ATTORNEY ID # 26096