IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAYTON THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BEN VARNER, et al. | : | NO. 02-4778 |

## **ORDER**

AND NOW, this        day of            , 2005,
petitioner's motion for bail is denied.

BY THE COURT

_____
BRUCE W. KAUFFMAN
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CLAYTON THOMAS | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| BEN VARNER, et al. | : | NO. 02-4778 |

## RESPONSE TO PETITIONER'S MOTION FOR BAIL

LYNNE ABRAHAM, District Attorney of Philadelphia County, by
HELEN KANE, Assistant District Attorney, and THOMAS W. DOLGENOS,
Chief, Federal Litigation, on behalf of respondents, respectfully
requests that petitioner's motion for release on bail pursuant to
F.R.A.P. 23(a) be denied and, in support thereof, states:

1.   On November 4, 2005, a panel of the Third Circuit
affirmed this Court's May 27, 2004 order granting Thomas a
conditional writ of habeas corpus.   Thomas has now renewed his
request for bail which he filed on August 27, 2004 and on which
this Court heard testimony and argument on October 21, 2004.

2.   On November 18, 2005, within fourteen days of the panel's
decision, the Commonwealth filed a motion for panel reconsideration
pursuant to F.R.A.P. 40.   Therefore, in accordance with F.R.A.P.
41, the mandate of the Third Circuit is stayed until the
Commonwealth's reconsideration motion is ruled upon.

3.   The Supreme Court determined that the following factors
are helpful in resolving requests for bail pending appeal of an
order granting habeas relief: (1) the likelihood of success on the
merits of the appeal; (2) whether the applicant will be irreparably
injured absent a stay; (3) whether issuance of the stay will
substantially injure the other parties interested in the

1

proceeding; and (4) where the public interest lies.  Hilton v. Brauskill, 481 U.S. 770, 776 (1987).  In addition to the above categories, the Supreme Court directed that a federal habeas court presented with a bail request pending appeal also consider the specific factors of the possibility of flight and the risk that the petitioner will pose a danger to the community.  Id., at 777-78.

4.  As the Supreme Court also observed, however, a successful habeas petitioner is in a considerably less favorable position than a pre-trial arrestee because the habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or a jury and his conviction has been upheld by the state appellate courts.  For this reason, due process is not implicated by the delay of the habeas petitioner's release from custody pending appeal by the state.  Id., at 779.

5.  In his renewed petition, Thomas emphasizes that, to date, all of the federal courts that have considered the single issue on which he has prevailed, have granted him relief.  While this is true, the fact remains that all of the state courts which reviewed this same claim of ineffective assistance (as well as his other federal and state claims), affirmed his conviction.  Thus, the instant case exemplifies the friction between the state and federal courts that is inherent in federal habeas review.

6.  The fact remains, however, that even if the Third Circuit does not reconsider its decision and the Commonwealth does not seek or is unsuccessful in obtaining certiorari, Thomas has been adjudged guilty of murder and the claim on which the federal

2

court has granted habeas relief is not a claim of innocence.   The Commonwealth will make every effort to re-try him for the murder of Harry James and aggravated assault of Peter Fuller.

7.   As Thomas acknowledges in his memorandum, if a re-trial is necessary, Thomas must prevail on his suppression claim in state court or the Commonwealth will present the very same evidence that convinced the first jury that he was guilty beyond a reasonable doubt.  Moreover, Thomas' speculation that the Commonwealth has no additional evidence of his guilt is just that.

8.   Notwithstanding that Thomas has prevailed before the panel, the Hilton factors, in addition to comity, continue to militate against his release from custody at this time.

A.   Likelihood of Success on the Merits

The Supreme Court identified the state's prospects for success on appeal as the most significant factor in deciding a bail motion under F.R.A.P. 23(c).  Despite the fact that each of the federal courts which have considered Thomas' ineffectiveness claim have granted relief, it cannot be ignored that each successive opinion has rejected the rationale of the preceding federal court and attempted to discover a different way to affirm habeas relief.

For example, Magistrate Judge Smith's decision in favor of Thomas was grounded in his assumption that the Commonwealth should be assigned the burden of disproving the merits of the suppression claim that was the focus of Thomas' allegation of ineffectiveness As Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 2583 (1986) made clear, however, the Magistrate's allocation of the

3

burden of proof to the Commonwealth was plainly wrong.

Without endorsing the Magistrate Judge's erroneous resolution of the burden of proof question, this Court assumed that if Thomas either had objected to or moved to suppress Fuller's in-court identification, he necessarily would have prevailed. The Third Circuit, however, faulted this analysis, noting that it omitted a step, i.e., the resolution of the merits of the suppression claim. Thomas v. Varner, et al., No. 02-CV-4778, slip op. at 15.

As the Commonwealth has argued in its reconsideration motion, the Third Circuit erred in granting Thomas relief (1) by deciding that Thomas was only required to show that he was "likely" to succeed on the suppression claim that underlies his claim of ineffective assistance and (2) by apparently making a credibility finding on the cold record between two starkly conflicting accounts of the circumstances of the photographic identification, only one of which supported the finding that the identification was suggestive.

Plainly, the various federal courts have struggled to find a convincing reason to support their decision to grant habeas relief. In light of the federal courts' ever-changing rationale and the contrary holding of Kimmelman, the Commonwealth may yet convince the panel to reconsider and reverse the grant of habeas relief. Accordingly, the Commonwealth has some chance of success on the merits.

4

## B.   Irreparable Injury

Certainly where the Supreme Court has given the government the absolute right to appeal an unfavorable habeas decision, F.R.A.P. 22 (b), that right should not be vitiated by the release of the state prisoner prior to the Third Circuit's final review of that decision.   Indeed, Thomas' release would cause the Commonwealth irreparable injury, since he is both a risk of flight and a danger to the community, factors the Supreme Court held relevant to the decision whether to release a successful applicant for habeas relief.   As the Supreme Court further observed, the state's interest in retaining custody of petitioner are strongest where the sentence is lengthy.

Here, Thomas is serving a mandatory sentence of life imprisonment, for second degree murder.  Given the violent nature of his crime -- the murder and robbery of an elderly gentleman gunned down in his own home and the separate aggravated assault of an unarmed eyewitness whom he shot without provocation -- Thomas plainly poses a danger to the community.  Prior to his arrest and incarceration for this crime, Thomas was a repeat offender with a pattern of criminal behavior throughout his adult life.   Indeed, Thomas' adult criminal record, as compiled by the Pennsylvania State Police,[1] includes over 30 arrests for crimes which date from 1970 to the time of his arrest for the instant murder.

Obviously, none of the probationary sentences or jail time he

---

[1]The State Police record was attached as Exhibit A to the Commonwealth's response to Thomas' original bail motion.

5

served prior to this sentence were effective in achieving his rehabilitation.

In determining whether Thomas' release would present a danger to the community, this Court should consider that Thomas committed the instant crime in his own neighborhood and did not hesitate to kill his victim merely because he attempted to resist Thomas' invasion of his home. In addition, Thomas' shooting of Fuller was particularly cruel as he had no weapon and no means of escape.

As the Supreme Court recognized in Hilton, decisions about bail must be based on individual circumstances. In light of Thomas' persistence in committing crimes not only in Philadelphia but its surrounding counties, this Court should give serious consideration to the past danger that Thomas has posed to those communities where he has chosen to commit his numerous crimes.

In the original bail motion, which he has attached to his renewed request for bail, Thomas stated that, if released, he intends to live with his wife, Hazel, at 1815 N. 28th Street, in Philadelphia. It is not clear if Thomas still intends to reside with his wife at that same address, a fact which obviously must be addressed before bail can be considered.

With respect to whether Thomas poses a risk of flight, his penchant for aliases throughout his lengthy criminal career (he has used over 30 aliases which are found in Thomas' record from the Pennsylvania State Police, at 2, attached as Exhibit A, to the Commonwealth's original response to Thomas' bail motion) clearly militates against his release. In addition, Thomas has given 6

6

different dates of birth. Hence, the notation in the State Police record requiring fingerprints to positively identify Thomas. Furthermore, according to an intake report prepared by Pretrial Services on January 2, 1993, following Thomas' arrest involving yet another stolen car, as of that date, he had failed to appear for court 31 times. (A copy of the pre-trial report is attached to the Commonwealth's original response as Exhibit C).[2]

Since the original bail hearing took, there is an additional risk of flight. The Commonwealth understands that Thomas' youngest son, Omar Thomas, is presently a professional basketball player who recently joined the Coca Cola Tigers, located in Manila, in the Philippines Basketball League. Thus, it would appear that Thomas would have an obvious safe harbor outside of the United States, were he to flee the country. Given Thomas' history of falsifying his identity, it would not be difficult for him to assume a new identity and flee prosecution, given that his son is now living in the Philippines. Even without this recent development, the risk that Thomas would flee is substantial and therefore weighs heavily against releasing him from custody.

## C.  Injury To Petitioner

As previously stated, even if unsuccessful before the Court of Appeals, the Commonwealth will retry Thomas.  In light of his extensive criminal record, the seriousness of his crime and his

---

[2]When arrested on the stolen car case, Thomas gave his name as James Thomas.  He was released on bail but failed to appear for the preliminary hearing on January 8, 1993, resulting in the issuance of a bench warrant.  Thomas pled guilty to this charge on May 19, 1993.

persistent record for failing to appear for court in Philadelphia, in state court, the Commonwealth will request that he be held without bail.

## D.   The Public Interest

It is difficult to see how the public interest would be well served by releasing Thomas regardless of the final outcome of the Commonwealth's reconsideration motion.   The public has great interest in the enforcement of its criminal laws and its own protection from dangerous offenders.   Given Thomas' serious, violent crime, his extensive criminal record, his demonstrated willingness to shoot an eyewitness, and incentive for flight, the public interest must weigh in favor of the grant of denying his request for bail pending appeal.

Moreover, it would be especially detrimental to the notion of comity if, during the last stages of this federal litigation, Thomas were to be released and flee, thus preventing his re-trial and hampering the Commonwealth from enforcing its laws and protecting its citizens.   In seeking reconsideration of the Third Circuit's decision, the Commonwealth is well within its right to vindicate the finality of a conviction in the state court.

8

**WHEREFORE**, the Commonwealth, for respondents, respectfully request that the Court deny bail pending decision on the motion for panel re-consideration.

Respectfully submitted,

Helen Kane

HELEN KANE
Assistant District Attorney

THOMAS W. DOLGENOS
Chief, Federal Litigation

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| CLAYTON THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BEN VARNER, et al. | : | NO. 02-4778 |

**CERTIFICATE OF SERVICE**

        I, HELEN KANE, hereby certify that on November 21, 2005, a copy of the foregoing pleading was served by placing same, first class postage prepaid, in the United States Mail addressed to:

        Daniel Silverman, Esquire
        1429 Walnut Street
        Suite 1001
        Philadelphia PA 19102

HELEN KANE
PA ID No. 26096
Assistant District Attorney
District Attorney's Office
1421 Arch Street
Philadelphia PA 19102
215-686-5742