IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAYTON THOMAS,<br>　　　　　Petitioner<br><br>V.<br><br>BEN VARNER, et al.,<br>　　　　　Respondents<br>_____ | :<br><br><br>:<br><br><br><br>: | CIVIL ACTION<br><br>No. 02-4778 |

**PETITIONER'S MOTION FOR DISCHARGE AND RELEASE
PURSUANT TO THIS COURT'S ORDER OF MARCH 10, 2006**
_____

TO THE HONORABLE BRUCE W. KAUFFMAN, JUDGE OF THE SAID COURT:

　　Petitioner, Clayton Thomas, by his attorney, Daniel Silverman, Esquire, respectfully moves this Court for an Order releasing him from physical custody and dismissing all charges against him pursuant to this Court's Order of March 10, 2006, and in support thereof respectfully represents the following:

1. On March 10, 2006 this Court entered an Order which reads as follows:

　　"AND NOW, this 8th day of March, 2006, in accordance with the Order of the

　　Third Circuit Court of Appeals entered on March 6, 2006, it is **ORDERED** that:

　　　　1. The Petition for Writ of Habeas Corpus is **GRANTED**.

　　　　2. The execution of the writ of habeas corpus is **STAYED** for 180 days

　　　　from the date of this Order.  Petitioner shall be re-tried within one hundred

　　　　and eighty (180) days from the date hereof or be released."

2. One hundred and eighty days from March 10, 2006 is September 8, 2006.

1

3. As of September 12, 2006, respondents have not re-tried petitioner or otherwise taken any action to comply with the Court's Order.

4. The Court's stay expired several days ago and the mandatory language of the Court's March 10, 2006 Order must now take effect.

5. On June 1, 2004, this Court issued an Order granting the writ of habeas corpus. This followed the Report and Recommendation of Magistrate Judge Charles Smith also recommending that the writ be granted. This Court stayed the Order pending appeal by respondents. On November 4, 2005, the Third Circuit Court of Appeals unanimously affirmed this Court's decision and directed that the matter be remanded to this Court for an Order issuing the writ of habeas corpus and "directing that Thomas be re-tried within one hundred and eighty (180) days or be released." On November 7, 2005, petitioner filed with this Court a Motion for Bail, which remains outstanding. On February 23, 2006, the Third Circuit Court of Appeals denied respondents' petition for *en banc* re-argument. On March 6, 2006 the Third Circuit issued its mandate. On March 10, 2006, this Court entered its final Order.

6. On July 24, 2006, respondents filed a petition for writ of *certiorari* with the United States Supreme Court. They appended this Court's March 10, 2006 Order directing that petitioner be released if not re-tried within 180 days, thereby establishing their actual knowledge of the Order. Respondents never sought a stay of this Court's Order. The *certiorari* petition is pending and may not be decided for months.

7. The filing of the *certiorari* petition does not stay or otherwise have any effect on this Court's Order of March 10, 2006. If respondents wanted to stay this Court's Order

2

directing that petitioner be released after 180 days had expired, they were obligated to file a motion with the Court. They failed to do so.

8. This Court has ruled that petitioner has been unlawfully incarcerated since his 1994 trial. The Third Circuit Court of Appeals affirmed this decision. This Court mandated that respondents re-try him within 180 days of March 10, 2006 or petitioner "<u>shall</u> be released". The mandatory language of this unambiguous Order requires that this Court's Order be given effect and that petitioner be released forthwith.

WHEREFORE, petitioner, Clayton Thomas, by his attorney, Daniel Silverman, Esquire, respectfully requests that pursuant to this Court's Order of March 10, 2006, petitioner be released forthwith and that all state court charges against him be dismissed.

Respectfully submitted,

**SILVERMAN & ASSOCIATES, P.C.**

BY:_____
    Daniel Silverman

Dated: September 12, 2006

3