```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAYTON THOMAS              :      CIVIL ACTION
                            :
     v.                     :
                            :
BEN VARNER, et al.          :      NO. 02-4778
```

### ORDER

AND NOW, this         day of            , 2003, petitioner's motion for immediate release and discharge of all pending state court charges is denied



                              BY THE COURT



                              _____
                              BRUCE W. KAUFFMAN
                              United States District Court Judge

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| CLAYTON THOMAS | : | CIVIL ACTION |
| v. | : | |
| BEN VARNER, et al. | : | NO. 02-4778 |

<u>RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR DISCHARGE AND RELEASE</u>

**LYNNE ABRAHAM**, District Attorney of Philadelphia County, by **HELEN KANE**, Assistant District Attorney, and **THOMAS W. DOLGENOS**, Chief, Federal Litigation, respectfully requests that the Petitioner's Motion for Discharge and Release be denied and, in support thereof, states:

1. A <u>seriatim</u> answer is dispensed with for the sake of clarity.

2. Petitioner has requested his immediate release from custody and further requests that all charges pending against him in state court be discharged. As support, petitioner relies on this Court's Order of March 10, 2006 which granted his Petition for Writ of Habeas Corpus but stayed the execution of the writ for 180 days to allow the Commonwealth to re-try Petitioner. Petitioner calculates that the 180th day was September 8, 2006 and claims that because he has not been re-tried, absent the grant of a stay of the Order of March 10, 2006, he is now entitled to immediate release and discharge of all pending charges relating to the 1992 murder of Harry James and the shooting of Peter Fuller, an eyewitness.

3. As Petitioner further notes, the Commonwealth has filed a Petition for Writ of <u>Certiorari</u> which is presently pending

1

before the Supreme Court. In addition, on September 13, 2006, the Supreme Court ordered Petitioner to file a response to the Commonwealth's Petition which suggests that at least upon initial review of the Petition, the Court is not inclined to deny it without in-depth consideration.

4. Following the grant of a Petition for Habeas Corpus, the state is generally allowed a reasonable time in which to retry a state prisoner. Irwin v. Dowd, 366 U.S. 717, 729 (1961). While this Court's Order of March 10, 2006, set 180 days as the time for any re-trial, as a practical matter, until the Supreme Court decides whether to review the instant case, the necessity of a new trial remains uncertain. Indeed, it is simply not reasonable to require the state court to expend its limited resources to conduct a re-trial which ultimately may prove to be unnecessary, at the same time it pursues a non-frivolous certiorari petition. The Commonwealth has a right to seek such review, and should not be forced to litigate simultaneously in two different courts.

5. Nor is there any legal authority to support petitioner's additional request that this Court order the discharge of all state charges against him. On the contrary, as the Third Circuit has explained, the grant of a writ of habeas corpus "does not preclude a new arraignment and trial, or the taking of proper steps to hold the defendant in custody or under bail pending trial." United States ex rel. Craig v. Meyers, 329 F.3d 856, 860 (3d Cir. 1964). Thus, in United States ex rel. Lowery v. Case, 283 F.Supp. 744 (E.D. 1968), following release of a state prisoner pursuant to

2

grant of habeas petition and state's failure to re-try petitioner within period prescribed by federal court, the District Court denied his subsequent request for release from state custody following his re-arrest, noting that grant of habeas petition "did not impede the Commonwealth's right to re-arrest, re-arraign and re-try defendant on the [original] indictment." See also Carter v. Rafferty, 781 F.2d 993, 998 (3d Cir. 1986) (even after prisoner has received habeas relief in federal court, release pending re-trial must be sought in state court), disapproved on other grounds, Hilton v. Braunskill, 481 U.S. 770 (1987).

Furthermore, as the Third Circuit explained in Carter, the grant of habeas relief means that "petitioner's conviction, not his indictment...has been declared unconstitutional by the federal court." Id. So long as there is no double jeopardy problem, or other bar to a re-trial, the federal court has no authority to dismiss a state indictment. There is thus no lawful basis for petitioner's request that the charges against him be dismissed, and the proceedings against him cease.

This Court has already denied petitioner's earlier request for immediate release from incarceration pending the completion of federal proceedings. It would make no sense to reverse course now, when a decision on the Commonwealth's petition for writ of certiorari is expected soon. Nor is there any legal authority by which the a federal court may order the immediate release of a state prisoner where, as here, the state has every right to hold him as a pre-trial detainee.

WHEREFORE, respondents respectfully request that Petitioner's Motion for Release and Discharge be denied.

Respectfully submitted,

*Helen Kane*

HELEN KANE
Assistant District Attorney
THOMAS W. DOLGENOS
Chief, Federal Litigation

4

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAYTON THOMAS                    :      CIVIL ACTION
                                  :
     v.                           :
                                  :
BEN VARNER, et al.                :      NO. 02-4778
```

### CERTIFICATE OF SERVICE

I, HELEN KANE, certify that on September 19, 2006, a copy of the foregoing pleading was served by placing same, first-class, postage prepaid, in the United States Mail addressed to:

> Daniel Silverman, Esquire
> 1429 Walnut Street
> Suite 1001
> Philadelphia PA 19102

*Helen Kane*
HELEN KANE
Assistant District Attorney
Three South Penn Square
Corner of Juniper and S. Penn Square
Philadelphia PA 19107-3499
215-686-8787

5