

**LYNNE ABRAHAM**
DISTRICT ATTORNEY

**DISTRICT ATTORNEY'S OFFICE**
THREE SOUTH PENN SQUARE
CORNER OF JUNIPER AND S. PENN SQUARE
PHILADELPHIA, PENNSYLVANIA 19107-3499
215-686-5708

November 14, 2006

The Honorable Bruce W. Kauffman
United States District Court for the
Eastern District of Pennsylvania
5613 United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

    Re:    **Clayton Thomas v. Ben Varner, et al.**
              **No. 02-CV-4778**

Dear Judge Kauffman:

      Enclosed please find the Commonwealth's response to petitioner's motion for release from custody pending his retrial in state court on charges of first degree murder. The Commonwealth was served with the motion by hand delivery yesterday afternoon. As explained in the response, the Commonwealth has initiated pre-trial proceedings in state court, while we await final word from the United States Supreme Court on the pending petition for writ of certiorari.

                                          Very truly yours,

                                          THOMAS W. DOLGENOS
                                          Chief, Federal Litigation

cc:    Daniel Silverman, Esquire

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAYTON THOMAS,
    Petitioner

v.     :    Civil Action No. 02-4778

BEN VARNER, et al.
    Respondents

**COMMONWEALTH'S RESPONSE
TO PETITIONER'S MOTION FOR RELEASE FROM CUSTODY
PENDING RETRIAL IN STATE COURT**

TO THE HONORABLE BRUCE W. KAUFFMAN:

Respondents, by their attorneys, THOMAS W. DOLGENOS, Chief, Federal Litigation, and RONALD EISENBERG, Deputy, Law Division, respond as follows to petitioner's motion seeking complete release, without bail, pending retrial in state court for first degree murder:

1.     Petitioner alleges that, despite the grant of habeas relief, the Commonwealth has taken no steps to retry him for the murder of which he was previously convicted. That is false. When federal habeas counsel learned last week that the court of appeals had denied a stay, counsel contacted the chief of the homicide unit of the Philadelphia District Attorney's Office, and directed him to initiate proceedings in state court. The homicide chief contacted the deputy court administrator last week to request the scheduling of pre-trial proceedings. The court has advised him that the case will be listed as soon as the Quarter Sessions file is returned from federal court.

In addition, last week counsel also contacted the Pennsylvania Department of Corrections. We informed the department by letter that the petitioner could no longer be held in custody by virtue of his murder conviction, and must be transferred to local authorities to be processed as a pre-trial defendant. (See attached letter.) Our understanding is that arrangements for transfer from state prison have been delayed pending resolution of petitioner's claim that he is entitled to outright release.

2.      Petitioner alleges that he is entitled to release because the Commonwealth has acted in bad faith and disregarded the orders of this Court. That is incorrect. The Commonwealth has made clear at every stage its plans to seek further review, and has undertaken appropriate legal proceedings for doing so. The Commonwealth filed timely objections from the magistrate's report and recommendation, filed a timely appeal from the decision of this Court, filed a timely petition for reargument in the court of appeals, and filed a timely petition for writ of certiorari in the United States Supreme Court.

That was in July. We are now awaiting petitioner's response to the certiorari petition. The response, pursuant to petitioner's request for an extension of time, was due to be filed yesterday, November 13, 2006, four months after the filing of the certiorari petition. Petitioner certainly had the right to seek this extra time. Had he chosen to file an answer by the initial deadline in August, however, the certiorari petition would likely have been decided at the Supreme Court's first conference of the term, on September 25.

As it is, the answer to the petition is now finally before the Court. We will therefore know shortly whether the petition is denied, in which case petitioner will remain in a pre-trial status, or whether the petition is granted, in which case all proceedings below will be automatically stayed.

3.  Despite his various allegations, there is one point on which petitioner has remained quite silent: he has never even attempted to explain how the grant of a new trial can place him in a **better** position than if he had never been convicted at all. Before petitioner's trial, he was subject to the normal custody considerations applicable to any homicide defendant. Now that he has actually been convicted, but has secured a reversal of that conviction, he is simply released to that previous condition, free to make whatever arguments he wishes to a state court bail judge. Yet petitioner instead demands that he be released onto the street by this Court, with no constraints at all – even though he is undeniably still a pre-trial defendant facing trial for murder.

> On such a demand, however, the Third Circuit has been crystal clear.
>
> Nothing [] prevents the State from dealing with a habeas releasee who will be retried as the State would deal with any other State prisoner who has yet to stand trial. It is petitioner's *conviction*, not his *indictment*, which has been declared unconstitutional by the federal court.

*Carter v. Rafferty*, 781 F.2d 993, 998 (3d Cir. 1986) (emphasis in original). Petitioner studiously avoids any mention of this binding precedent. But as the decision demonstrates, "release" in the habeas context does not mean immunity from legal process; it means the lifting of the unconstitutional condition. In this case the only unconstitutionality alleged was in the conduct of petitioner's lawyer at his trial. There was, and is, nothing unconstitutional at all about his arrest and detention for his crime. With his release from custody by virtue of his *conviction*, petitioner will have received all the relief to which he is entitled.

3

WHEREFORE, petitioner's motion for release pending his retrial for murder should be denied.

Respectfully submitted,

THOMAS W. DOLGENOS
Chief, Federal Litigation

RONALD EISENBERG
Deputy, Law Division

4

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing pleading was duly served by United States Mail, first class postage prepaid, on the following:

>Daniel Silverman, Esquire
>Silverman & Associates, PC
>Suite 1001
>1429 Walnut Street
>Philadelphia, PA 19102
>(215) 665-8622

>_____
>THOMAS W. DOLGENOS
>Chief, Federal Litigation
>District Attorney's Office
>Three South Penn Square
>Philadelphia, PA 19107-3499
>(215) 686-5703

Date: November 14, 2006